**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 98-20706
Summary Calendar

_____

HAMPTON RONALD HANLEY,

Plaintiff-Appellant,

versus

THE CITY OF HOUSTON; BOB LANIER, Mayor; HELEN
HUEY, Councilmember,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-2267)

April 5, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff Hampton Ronald Hanley appeals the district court's order dismissing his claims. He

also appeals the district court's decision to deny his motion for leave to amend his complaint and its

decision to deny his motion to remand. We affirm.

I

Hanley instituted this suit against the City of Houston, Mayor Bob Lanier in his official

capacity, and Councilmember Helen Huey in her official capacity (collectively "Defendants"),

challenging their enforcement of city ordinances mandating compliance with deed restrictions. Hanley

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sought to make improvements on a house he owned. Hanley's neighbors notified the defendants that his improvements would violate deed restrictions placed on his land, which prohibited structures taller than one story. The defendants issued Hanley a "red tag," ordering him to cease construction. According to Hanley, the defendants also threatened him with a $1000 per day fine for violating the deed restrictions. Eventually, the defendants notified Hanley that they would not prosecute or enforce the deed restrictions, thus lifting the red tag.

Hanley instituted this suit in state court, which the defendants removed to federal court. Pursuant to the defendants' Rule 12(b)(6) motion, the district court dismissed the case, on the grounds that (1) Hanley failed to allege municipal liability, *see Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690 (1978), and (2) Hanley failed to allege any constitutional or state law violation.

## II

Before addressing the merits of Defendants' motion to dismiss, we address two preliminary issues. First, Hanley argues that the district court erred when it did not remand his case to state court. He contends that remand was proper because the defendants' notice of removal was untimely. We review a district court's denial of a motion to remand *de novo*. *See Reece v. Wal-mart Stores, Inc.*, 98 F.3d 839, 841 (5th Cir. 1996). We find that the district court did not err in denying Hanley's motion to remand, because his motion was filed more than three months after defendant's notice of removal, well beyond the thirty-day limit. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect in removal procedure other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.").

Second, Hanley argues that the district court erred in denying him leave to file his Fifth Amended Complaint, which he submitted while Defendants' motion to dismiss was pending. We review a district court's denial of leave to amend a complaint for abuse of discretion. *See Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997). Hanley sought leave to amend solely "to request additional damages made known to him through discovery." The district court denied

Hanley leave on the grounds that his proposed amendments "would be futile," and would not "cure any of the substantive defects." *See McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989) (upholding denial of leave to amend where amendment was futile). Because additional damages would not cure the substantive defects in Hanley's complaint, the district court did not abuse its discretion.

III

We review a lower court's dismissal of a complaint *de novo*. *See Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). When reexamining a dismissal, "we accept the complaint's well-pleaded factual allegations as true." *See id.* (quotations omitted). Hanley's complaint asserts several causes of action. First, he alleges that by preventing Hanley from building a second story onto his property, the defendants committed an unconstitutional taking for which he should receive just compensation. For such conduct to constitute a taking, however, Hanley's title to the property must include the right to erect a two story structure. *See M & J Coal Co. v. United States*, 47 F.3d 1148, 1153 (Fed Cir. 1995) (rejecting plaintiff's takings claim where an "'inquiry into the nature of the owner's estate shows that the proscribed use interests were not part of his title to begin with'") (quoting *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1027 (1992)). Hanley's property, however, was subject to a deed restriction prohibiting two-story structures. As a result, Hanley never possessed the requisite stick in the proverbial bundle of property rights that would allow him to add a second story to his house. *See Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 124-25 (1978) (observing that the Court has refused to recognize a takings claim in the absence of a demonstrated property interest). This same failing also precludes Hanley's due process claim. Without a protected property interest, Hanley cannot make out a claim for due process. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). Thus the district court did not err in dismissing Hanley's claims based on the Takings Clause and the Due Process Clause.

Hanley also alleges that defendants' conduct violated the Equal Protection Clause. To properly allege an Equal Protection violation, a plaintiff must allege that he or she has "been treated

differently than similarly situated individuals." *Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996). Where a complaint fails to identify a similarly situated group that has escaped the burdens to which the plaintiff has been subjected, dismissal is appropriate. *See Samaad v. City of Dallas*, 940 F.2d 925, 941-42 (5th Cir. 1991). As to the defendants' decision to "red tag" Hanley's property, Hanley's complaint fails to allege such a similarly situated group. He does not allege that the defendants spared red tags for other properties that violated the deed restrictions. As to the $1000 per day fine, Hanley does appear to identify a similarly situated group. He alleges that other property owners in his subdivision whose property exceeded one-story were not threatened with a fine. However, Hanley fails to adequately allege municipal liability as to the fine. To make out a § 1983 cause of action against a municipality, a plaintiff must establish municipal liability.[1] *See Monell*, 436 U.S. at 690. Municipal liability must be established by showing that a defendant acted pursuant to a government policy or custom. *See St. Louis v. Praprotnik*, 485 U.S. 112, 116 (1988). Hanley does not allege that defendants threatened him with a $1000 per day fine pursuant to a government policy or custom that violated the Equal Protection Clause. Thus the court did not err in dismissing Hanley's Equal Protection claim.

In addition, Hanley asserts numerous state law claims against the defendants. As to these claims, we affirm the district court's dismissal for the reasons stated by the district court. Last, Hanley argues that the district court committed error by (1) refusing to "accept proof of deficit program," and (2) refusing to find that Hanley was "set up to fail" as a result of "fraud." These contentions are incomprehensible, and we find no basis in law to support them. *See, e.g., Clark v. Green*, 814 F.2d 221, 222 (5th Cir. 1987) (upholding dismissal of complaint where plaintiff's appellate brief is unintelligible).

IV

Accordingly, we AFFIRM.

_____

[1] Municipal liability must also be established as to Mayor Lanier and Councilmember Huey, because Hanley sued them in their official capacity. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).